People v Calderon (2020 NY Slip Op 51525(U))

[*1]

People v Calderon (Steven)

2020 NY Slip Op 51525(U) [70 Misc 3d 130(A)]

Decided on December 18, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 18, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570421/16

The People of the State of New York,
Respondent, 
against
Steven Calderon, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (William McGuire, J.), rendered May 17, 2016, convicting him, upon a plea of guilty, of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (William McGuire, J.), rendered May 17, 2016, affirmed.
The superseding information charging criminal possession of a forged instrument in the third
degree (see Penal Law § 170.20) was jurisdictionally valid because it set forth
"nonhearsay allegations which, if true, establish every element of the offense charged and the
defendant's commission thereof ... and [supplied] defendant with sufficient notice of the charged
crime to satisfy the demands of due process and double jeopardy" (People v Wheeler, 34 NY3d 1134,
1135 [2020] [internal citations and quotation marks omitted]). The instrument recited that
defendant was operating a motor vehicle with a forged temporary registration card affixed to the
windshield. The instrument also set forth the basis for the officer's knowledge, in addition to his
training and experience, that the registration was forged, i.e., the registration card was not
"computer generated," but was "handwritten"; it was "not printed on card-stock and instead
appears to have been photocopied onto a piece of white paper"; the photocopy did not properly
copy the card's watermark, resulting in an uneven and inconsistent watermark"; the handwritten
information was written onto the card outside the bounds of the data boxes and overlapping with
other typewritten information; and that "the original registration expiration date field has no date
written into it." Moreover, when asked if the vehicle belonged to him, defendant stated "yes, I
bought it months ago." However, the officer observed that the "issue date" handwritten onto the
temporary registration card - March 12, 2014 - was a date "only 16 days before the date of the
present incident."
Contrary to defendant's present contention, his knowledge of the forgery, an essential
element of the offense, can be inferred from his actions and the surrounding circumstances
(see People v Johnson, 65 NY2d 556, 561 [1985]), including his admitted ownership and
operation of the vehicle with the forged registration (see People v Doudoulgou, 67 Misc 3d 134[A], 2020 NY [*2]Slip Op 50503[U][App Term, 1st Dept 2020]), the conspicuous
evidence of the forgery (see People v Bell, __ AD3d __, 2020 NY Slip Op 06364 [1st
Dept 2020]), and the allegation that the registration card was affixed to the front windshield,
making it visible to defendant every time he utilized the vehicle.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2020